**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN A. TAYLOR,

      Plaintiff - Appellant,

v.

STATE OF WYOMING; WYOMING
ATTORNEY GENERAL, in his
official capacity; WYOMING
DEPARTMENT OF FAMILY
SERVICES; FREMONT COUNTY;
FREMONT COUNTY OFFICE OF
FAMILY VIOLENCE; ELIZABETH
A. KAIL, in her official capacity as
Ninth Judicial District Judge, Fremont
County; NANCY J. GUTHRIE, in her
official capacity as Ninth Judicial
District Judge, Fremont County; D.
TERRY ROGERS, in his official
capacity as Ninth Judicial District
Judge, Teton County; JEFFREY A.
DONNELL, in his official capacity as
District Judge for the Second Judicial
District Court; FRANK D.
PEASLEY; MAUREEN
DONOHOUE; JANET ELIZABETH
TAYLOR,

      Defendants - Appellees.

No. 00-8000
(D.C. No. 99-CV-85-J)
(District of Wyoming)

**ORDER AND JUDGMENT**[*]

---

    [*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and

(continued...)

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Appellant John Arthur Taylor, Jr., a prisoner appearing pro se, appeals the dismissal of his civil rights complaint. We affirm the district court's dismissal of his complaint as frivolous.

Taylor filed the instant complaint, ostensibly pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. As best we can discern from the complaint, Taylor claims due process and equal protection violations stemming from certain undisclosed actions taken by defendants with respect to a minor child. The district court dismissed his complaint for failure to state a claim and as frivolous, stating that "[h]is incoherent and conclusory claims are frivolous and fail to set forth a factual basis to establish any constitutional violation." (R. Doc. 6 at 2.)

On appeal, Taylor asks "[w]hether the Constitutions of the United States of America, State of Wyoming and Laws have been suspended," and if they have not been suspended, whether we are "under MARTIAL LAW." (Appellant's Br. at 1.) He then goes on to raise various conclusory challenges to his incarceration, as

*(...continued)
judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

well as attaching letters protesting the alleged seizure of certain law books. We note that not only does Taylor's brief fail to address the district court's conclusion that his complaint fails to state a claim and is frivolous, it is, in fact, completely unrelated to the allegations of that complaint. Our independent review of Taylor's complaint readily confirms that it fails to state a claim and is patently frivolous.

"If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes." Jennings v. Natrona County Detention Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). The district court correctly determined that Taylor's complaint both fails to state a claim and is frivolous, and its dismissal therefore falls under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) ("the action . . . is frivolous" and "the action . . . fails to state a claim for which relief may be granted"). Because this appeal likewise lacks any arguable basis in law or fact, we deem it to be frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Taylor incurs strikes one and two for purposes of 28 U.S.C. § 1915(g). He is advised that if he incurs one more strike by filing further frivolous suits or appeals, under the Prisoner Litigation Reform Act of 1995 he will no longer be entitled to proceed in forma pauperis in a civil action in federal court—other than petitions for writ of habeas corpus—not involving "'imminent danger of serious physical injury.'" White v. Colorado, 157 F.3d

1226, 1232 (10th Cir. 1998) (quoting 28 U.S.C. § 1915(g)), <u>cert. denied</u>, 119 S. Ct. 1150 (1999).

We remind Taylor of his continuing obligation to pay all installments of the deferred district court and appellate filing fees until they are paid in full.  No exception is made for dismissed appeals.  <u>See</u> 28 U.S.C. § 1915(b)(2); <u>Jennings</u>, 175 F.3d at 781.

The judgment of the district court is AFFIRMED.  Taylor's "Petition for Injunction" and "Motion for Sanctions" are DENIED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge
